LEO PAGANO, Petitioner, v. FRANK BECHLY, Judge, Respondent.

No. 40263.

NOVEMBER 11, 1930.

REHEARING DENIED MARCH 17, 1931.

*Sloane & Sloane,* for petitioner.

*A. M. Miller,* for respondent.

ALBERT, J.—On June 17, 1929, judgment was entered against the plaintiff in a criminal action then pending in the district court of Iowa in and for Jasper County. This order

and judgment provided that the defendant should pay a fine of $300 and costs of prosecution, and in default of payment of said fine and costs, be imprisoned in the county jail of Jasper County at hard labor until such fine and costs were paid, and in addition, that he should be imprisoned in the county jail of Jasper County, Iowa, at hard labor for the term of one year; but that, during good behavior, the sentence of one-year imprisonment should be suspended, and that, during such suspension, he should be paroled into the custody of Earl Shields, who would report to the court as to his conduct. Mittimus was to issue accordingly.

On the 9th day of November following, the court entered what is designated "Order of Revocation," the material part of which reads as follows:

"It appearing to the court that the said defendant has violated the terms of the suspension of sentence and parole, it is hereby ordered and adjudged that the suspension of sentence and parole of said defendant are revoked, and the clerk of this court is ordered to issue mittimus in this case, and that the proper officer proceed to take the said Leo Pagano into custody and imprison him in the county jail of Jasper County, Iowa, for the said term, with the same effect as if no suspension and parole had ever been granted."

On the 27th day of November following, an application was made by Pagano in the above-entitled matter, asking the court to reconsider and set aside the order and judgment of revocation, and to make and enter an order fixing a date for hearing thereon and prescribing the kind of notice, service, and time to be served on the county attorney of said hearing. Said application set out numerous grounds on which he based his request for setting aside said order of revocation.

On the same day, November 27, 1929, this application was denied; whereupon a petition was filed for writ of certiorari in this court, and, on proper order, such writ was issued, and due return made.

Numerous grounds are set out in said application, the fundamental and underlying proposition of many of these grounds being the claim that the court had no power to revoke the suspension of sentence without notice and opportunity to the then

defendant to have a hearing thereon. As a collateral issue is the claim that the defendant had a vested right to his personal liberty during good behavior under the suspended sentence.

It is a fundamental doctrine that no court has an inherent power to suspend the operation of a sentence theretofore pronounced by it. We have recognized and acted upon this doctrine in the cases of *State v. Voss,* 80 Iowa 467, and *State ex rel. Hammond v. Hume,* 193 Iowa 1395. Stating it conversely, the power of the court to suspend sentence must come from statutory provisions, and not otherwise; and while some of our sister states hold differently, we are committed to this doctrine. We turn to the Code, therefore, to see what powers of this character are conferred upon the courts. Section 3800, Code, 1927, reads as follows:

"The trial court before which a person has been convicted of any crime except treason, murder, rape, robbery, arson, second or subsequent violation of any provision of Title 6, or of the laws amendatory thereof, may, by record entry, suspend the sentence and parole said person during good behavior:

"1. If said person has not previously been convicted of a felony.

"2. If said person is shown to be free from venereal disease.

"3. If said person, if an adult and able to labor, has obtained apparently permanent employment for a reasonable time."

It is apparent from this section that such power of suspension of sentence and parole is conferred upon the district courts under the conditions and limitations provided in this section of the statute. The plaintiff herein does not, of course, question the right of the court to make the suspension of sentence and parole that he did in this case, but, in fact, relies wholly upon the exercise of this power under the aforesaid section as a basis of his action.

As a part of the same chapter in the Code, however, we find Section 3805, which reads as follows:

"A suspension of a sentence by the court as herein provided may be revoked at any time, without notice, by the court or

judge, and the defendant committed in obedience to such judgment."

Plaintiff is in the anomalous position of asserting and claiming certain rights by virtue of the aforesaid Section 3800, but asserting that he is not bound by Section 3805, which provides for a revocation of a suspended sentence *without notice.* These two sections are a part of the same chapter, and are companion sections. Whatever rights the plaintiff acquired by reason of the court's exercising the power provided by Section 3800 are necessarily limited and controlled by the provisions of Section 3805. In other words, the ultimate outcome of these sections of the statute, which necessarily become a part of the judgment entry, amounts to this: The court says to the defendant, "I will suspend your sentence during good behavior, but reserve the power to revoke this suspension of sentence and parole at any time I may see fit, without notice to you."

It is the claim of the plaintiff that he has vested rights by reason of this suspension of sentence and parole, of which he cannot be deprived, under the Constitution, without notice and opportunity to be heard. The courts of the United States do not agree on this proposition, as will be seen in 16 Corpus Juris 1334, 1335, and cases therein cited; also, 54 A. L. R. 1463, and annotations thereto. Plaintiff relies largely on *State v. Zolantakis,* 70 Utah 296 (259 Pac. 1044, 54 A. L. R. 1463), for his position. In that case the Utah statute is set out, and there is no provision in it for revocation without notice.

In the case of *Arthur v. Craig,* 48 Iowa 264, we had before us the question of whether or not the governor had a right, in issuing a pardon, to make it conditional, and we there said, speaking of the defendant:

"He had no legal right to demand a release from imprisonment. The pardon offered to him was an act of grace or favor upon the part of the state, by its executive. He was free to accept the pardon with its conditions, or to reject it, and serve out his sentence. He chose the former, accepted the pardon, and stipulated that for a violation of the conditions the instrument might be summarily revoked by the governor, and he should be remanded to the penitentiary for the remainder of the term of his sentence. The conditions imposed are not illegal,

immoral, or impossible to be performed, and to enforce them deprives the petitioner of no legal right. It may further, with propriety, be said that, if the governor issued his warrant for the arrest and imprisonment of the petitioner upon an insufficient showing that he had violated the conditions of the pardon, and he should be required to serve out the remainder of his term, he will only perform that which the law, by his sentence, solemnly adjudged to be just."

We discussed the same theory in *State ex rel. Davis v. Hunter*, 124 Iowa 569.

We can see no difference between the theory of these cases, in which the holding is that the pardoning of a criminal is a matter of grace or favor, coming from the sovereign's forgiving infractions of the criminal law, and the matter we have before us, where, coming through another channel,—through legislative enactment,—the district court exercises the power of suspending a sentence during good behavior. One is equally as much a matter of grace, favor, and forgiveness as the other; and when the defendant in a criminal case accepts the grace and forbearance extended by Section 3800 of the Code, he takes it with the conditions and limitations that go with it, provided in Section 3805. It being a matter of grace and forbearance on the part of the sovereign, the defendant acquired no vested rights, and therefore, under the statutory provisions, he would not be entitled to notice and opportunity to be heard. The district court did not err in overruling his application for an order setting aside the revocation of the suspension of sentence and parole. The writ of certiorari is found to be without merit, and is annulled.—*Writ annulled.*

MORLING, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.