STATE OF IOWA, Appellee, v. JOHN ERICKSON, Appellant.

No. 44294.

1262

DECEMBER 13, 1938.

John H. Mitchell, Attorney General, Henry J. Roelofs, Spec. Asst. Attorney General, and Carl Nystrom, County Attorney, for appellee.

Cutting and Cutting, and J. A. Nelson, for appellant.

MITCHELL, J.—On the 28th day of September, 1937, a grand jury in Winneshiek County returned an indictment against John Erickson, accusing him of the crime of unlawful possession of

alcoholic liquor, and also charging that he had been convicted on two previous occasions of violations of the State liquor law. On the same day, the defendant being represented by counsel, appeared in open court, waived preliminary arraignment and time to plead, and entered a plea of guilty. The court fixed October 4, 1937, as the time to pronounce sentence, and the defendant was on that day sentenced to serve three years in the state penitentiary at Fort Madison. He has appealed.

█ I. It is appellant's contention that it was the duty of the lower court, under Code section 1965-d2 to require proof of former convictions. With this we cannot agree.

Section 1965-d2 of the 1935 Code of Iowa reads as follows:

"1965-d2. Duty of court. When an indictment or trial information contains an allegation of one or more former convictions of the accused, and a plea of guilt is entered to the main offense or offenses only, the court shall require proof of said allegations of former convictions and the same shall not be dismissed or ignored except on the sworn statement of the county attorney that he is unable to prove and establish the same."

In the case at bar the indictment specifically set forth the dates and the court where John Erickson pleaded guilty to the crime of bootlegging on two previous occasions. The indictment also stated that "this present indictment charges John Erickson with the third and subsequent offense of violating the liquor laws of the State of Iowa."

█ It was to this indictment that the appellant pleaded guilty. There is no claim made that he did not know what the indictment contained. He was at all times represented by able counsel. He knew he was being charged with a third offense. To require proof in the face of such a record would be to require the court to perform a useless, unnecessary act. The legislature could not have had in mind any such thought when it adopted Code section 1965-d2. This is not a case in which the defendant did not know with what he was being charged. It is not a case in which the indictment did not specifically refer to the other offenses. Appellant and his counsel knew just exactly what the indictment contained when he entered the plea of guilty. That plea was a plea to the indictment, and by pleading guilty he admitted that he was guilty of the offense charged in the indictment. In addition to this, this record shows that at the request

of appellant a hearing was held and evidence was offered, and at that hearing it was conceded that appellant had been guilty of other liquor law violations. Hence, the appellant had the full benefit of the hearing and he has nothing now of which to complain.

II. The second contention of appellant is that the sentence imposed is in contravention of the due process of law, guaranteed a citizen by the Fourteenth Amendment to the Constitution, and by the clear terms of the Constitution of Iowa, section 9, Article I.

We quote from appellant's brief:

"On December 5, 1933, the United States of America abolished by constitutional amendment in turn the oppressive and burdensome 18th amendment to the Constitution of the United States, * * *.

"* * * Outlawed by the Constitution of the United States prohibition by virtue of the 21st amendment such drastic penalties can most assuredly not be conceived of as due process of law. Out of harmony with the spirit and temper of the times, such a law is so highly unreasonable and unjust, capricious and arbitrary as to be of necessity a denial of due process of law as guaranteed the citizens of this state by the state and federal constitution."

██ Under our system of government, to the legislative branch is given the right to enact laws and to set forth the punishment that the citizen who violates that law shall suffer. The legislature of Iowa had a perfect right, if it had so desired, to make the initial sale of intoxicating liquor a felony, but it saw fit to give the individual an opportunity and fixed that as a misdemeanor, but when one has violated the law three times the legislature stated it is a felony and the punishment is fixed as a term in the penitentiary.

██ There are many who believe that the punishment is excessive. But this court has not the power to change that punishment, when by specific enactment of the legislature it is fixed, as it is in this case. If John Erickson and the people of Winneshiek County believe the punishment excessive they have a perfect right to have their spokesman, the duly elected member of the legislature from their county, call it to the attention of the legislature, and that body, by a majority vote, may change that law.

The test, with respect to the requirements of due process of law, is simply whether the law operates equally upon all who come within the class to be affected, embracing all persons who are or may be in like situation or circumstances. This law does operate uniformly, is enforced by usual and appropriate methods, and the requirement as to due process of law is satisfied.

It necessarily follows that judgment and decree of the lower court must be, and it is hereby, affirmed.—Affirmed.

ANDERSON, KINTZINGER, DONEGAN, and HAMILTON, JJ., concur.

SAGER, C. J., and MILLER, and STIGER, JJ., concur in result.