ERVIN L. SCHULTZ et al., Appellants, v. PERCY A. LAINSON, Warden, Appellee.

No. 46425.

MARCH 7, 1944.

Walter F. Maley, of Des Moines, for appellants.

John M. Rankin, Attorney General, Wm. F. McFarlin, Assistant Attorney General, and Robert N. Johnson, Jr., County Attorney, for appellee.

GARFIELD, J.—■ The question presented is whether persons who steal an automobile in another state and bring it into an Iowa county are subject to prosecution in that county for larceny of a motor vehicle.

County attorney's informations were filed against appellants in the district court of Lucas County, Iowa, charging them with larceny of a motor vehicle in that county in that they did steal from William and Marie Tennessen a motor vehicle and take it into Lucas county. The summary of testimony affixed to the in-

formation states that appellants took the car from its owners at Fond du Lac, Wisconsin, and drove it into Lucas county, where they were arrested. Appellants, represented by a capable attorney, pleaded guilty and were sentenced to the penitentiary in September 1942. No appeal was taken from the sentence.

In July 1943, appellants filed a petition for a writ of habeas corpus in the district court of Lee county, where the penitentiary is located. Upon the trial the only testimony they offered was that the car was stolen by them in Wisconsin. Schultz admitted they were arrested in Lucas county with the car in their possession.

The statute, section 5006.11, Code, 1939, thus defines the crime of which appellants were convicted:

"Larceny of motor vehicle. If any person steal, take and carry away * * * any motor vehicle, he shall be punished by imprisonment in the penitentiary * * *."

The next section, 5006.12, provides:

"Jurisdiction of such offense may be in the county where such motor vehicle was stolen, or through or into which it was taken, carried, or transported by the person or persons who committed the theft * * *."

Appellants contend the district court of Lucas county was without jurisdiction to sentence them because, they say, the crime was committed in Wisconsin, not in Iowa. They concede they committed larceny in Wisconsin and concede that if they had stolen the car in some other Iowa county and driven it into Lucas county, they could have been prosecuted there for the theft.

We will assume, without deciding, that appellants are entitled to raise the above question by habeas corpus, which, of course, is a collateral attack upon their conviction. 39 C. J. S. 477, section 26a; Van Scoy v. Gretten, 177 Iowa 431, 436, 158 N. W. 510. This assumption, however, is by no means free from doubt. Where, upon the face of the record, it clearly appears that the crime was committed beyond the territorial jurisdiction of the court, habeas corpus will usually lie. But it will not lie to review an erroneous determination by the court that it has territorial jurisdiction of the offense charged. 39 C. J. S. 453–457, section 16; 25 Am. Jur. 159, 161, section 26.

The question presented by this appeal is by no means new. The authorities are in conflict. It is settled that a person who commits larceny may be prosecuted not only in the county in which he originally steals the property but in any county in the same state into which he carries it with a continuing felonious intent. 32 Am. Jur. 1011, section 97; 22 C. J. S. 291, 292, section 185r. Many courts, including our own, have reached the same result on the same reasoning, where the original taking was in another state. According to these decisions, one who steals property in another state which he brings into the state of the forum may be prosecuted for larceny in the latter state. Some of these decisions are based on statutory provisions. These statutes have uniformly been upheld against attack on constitutional grounds. 36 C. J. 808, 809, section 260; 22 C. J. S. 291, 292, section 185r. The arguments against the validity of these statutes are substantially those advanced by appellants here against the validity of their sentences. In some states the same result has been reached in the absence of statute. It is true there are a number of decisions which express the opposite view—that for which appellants contend. A few courts have held that even where property is stolen in a foreign country and brought into the state by the thief, larceny is committed in the state. Some courts have reached the opposite result.

The theory of the decisions which apply the rule for which appellee contends, in the absence of statute, is that since the rights of possession and ownership remain in the true owner, every act of the thief in the removal of the property is in itself a complete larceny. In State v. Bennett, 14 Iowa 479, in the absence of any statute except that against larceny, it was held that one who stole a horse in Missouri and brought it into an Iowa county was subject to prosecution for larceny in that county. The opinion quotes with approval from Commonwealth v. Andrews, 2 Mass. 14, 24, 3 Am. Dec. 17, 22:

" 'The same reason, which authorizes a conviction in the case of stealing goods in one county, and bringing them into another, applies, in my mind, to the case of stealing in one state, and bringing them into another, viz. that every moment's felonious possession is, in contemplation of the law, a new taking, stealing and carrying away.' "

To adopt appellants' contention we must either overrule the Bennett case or hold, in effect, that it was repudiated by the enactment of Code section 5006.12. We have no desire to overrule the Bennett case. It accords with many decisions elsewhere. State v. Cummings, 33 Conn. 260, 89 Am. Dec. 208; Tramwill v. Commonwealth, 148 Ky. 624, 147 S. W. 36, 42 L. R. A., N. S., 207; State v. Underwood, 49 Maine 181, 77 Am. Dec. 254; Worthington v. State, 58 Md. 403, 42 Am. Rep. 338; Commonwealth v. White, 123 Mass. 430, 25 Am. Rep. 116; State v. Bouton, 26 Nev. 34, 62 P. 595; State v. Morrill, 68 Vt. 60, 33 A. 1070, 54 Am. St. Rep. 870.

Nor do we think a fair construction of section 5006.12 requires us to adopt appellants' view. So much of the statute as is applicable here provides:

"Jurisdiction of such offense may be in the county * * * into which it [such motor vehicle] was taken * * * by the person or persons who committed the theft * * *."

While this act does not expressly state that it is larceny in Iowa for one to steal property in another state and bring it here, it is a legislative recognition that the offense is a continuing one. Had it been intended to limit the statute to a case where the initial act of larceny is within this state, such intent could easily have been expressed. The terms of the statute do not so limit it. This is the construction placed on a somewhat similar statute in Commonwealth v. Parker, 165 Mass. 526, 43 N. E. 499.

It is urged that such a construction of the statute renders it unconstitutional and void, in that it gives extraterritorial effect to our laws and deprives the accused of his right to be tried in the state where the crime was committed. These and other arguments have been fully answered in several decisions which have upheld statutes expressly making it larceny to steal property in another state and bring it into the state of the forum. A leading early decision is People v. Williams, 24 Mich. 156, 9 Am. Rep. 119 (Cooley, J.). What appellants overlook is that they were convicted not because of what they did in Wisconsin but because their act in bringing the stolen automobile into Lucas county amounted to larceny in that county.

610

The question presented by this appeal is discussed, with citation of authorities, in 32 Am. Jur. 1012, section 98; 36 C. J. 809, section 261; Wharton's Criminal Law, Twelfth Ed., vol. 1, 438–440, section 338; id., vol. 2, 1487, 1488, section 1170; 1 Bishop on Criminal Law, Ninth Ed., 92–99, sections 137–142; note Ann. Cas. 1912A, 392.—Affirmed.

All Justices concur.