ROBERT ALLEN STREIT, appellant, v. PERCY A. LAINSON, warden, Iowa State Penitentiary, appellee.

No. 49585.

(Reported in 93 N.W.2d 767)

DECEMBER 16, 1958.

Robert Allen Streit, pro se.

Norman A. Erbe, Attorney General, and Hugh V. Faulkner, Assistant Attorney General, for appellee.

LARSON, J.—This is the second appeal by petitioner, Robert Allen Streit, resulting from a district court rejection of his petitions for a writ of habeas corpus. See Streit v. Lainson, 249 Iowa 916, 88 N.W.2d 638. The district court correctly found that the same issues were before the court in both applications. The only issues presented in the first appeal to us were predicated upon the denial of his right to appeal and the determination of his competency at the time he entered his plea of guilty. New matter presented in the petition filed herein challenges the validity of the judgment of the trial court at the time of commitment.

The petitioner now contends that he was illegally committed to the State Penitentiary under an indeterminate sentence of life imprisonment not authorized by law, and that said judgment and sentence is void upon the face of the record.

The trial court denied his application for the reason that the issues raised were the same as in the previous petition, with no change of status shown, and that on its face the original judgment and sentence was not void. We must agree.

I. A second application for a writ of habeas corpus alleging substantially the same facts as were set forth in a previous petition, which was heard and denied, is properly refused. Rathbun v. Baumel, 196 Iowa 1233, 191 N.W. 297, 30 A. L. R. 216. We said therein at page 1246 that section 4417, paragraph 4 (now section 663.1, paragraph 4) providing " 'that the legality of the imprisonment has not already been adjudged upon a prior proceeding of the same character, to the best knowledge and belief of the applicant' " is not meaningless. We said: "If the legality of the imprisonment *has* 'already been adjudged upon a prior proceeding of the same character,' it is conclusive of the proceeding. A party cannot fail to take an appeal from an adverse decision in a habeas corpus case, as expressly provided by our statute, and, with a petition falsely reciting that the legality of his imprisonment has not been adjudged by a prior proceeding of the same character, become a mendicant, wandering from court to court and judge to judge, over the state, until, perchance, he may obtain a favorable decision. An order or judgment in a habeas corpus case, under our statute, is *res adjudicata* when the identical question, with *no* change of status, is again presented to the same or another tribunal."

As no change of status was alleged or disclosed, the former decision is determinative of all issues raised herein. With one possible exception, all these issues were considered and passed upon in applicant's previous habeas corpus action either in the district court or in this court. The court below, therefore, properly refused the writ as provided under the provisions of section 663.6, Code, 1954.

II. While the identical judgment or sentence appears in the former application for a writ, and no attempt was made to question its validity prior to applicant's petition for a rehearing in that appeal, we shall, as a matter of grace only, consider the question raised in order that applicant may prompt-

ly seek the relief he believes he should receive, from the proper remaining authority empowered to act.

▮ The record discloses that defendant was convicted and sentenced for violation of section 708.9 of the 1954 Code relating to bank robbery, on the second day of February, 1957, which was within twenty-four hours of his arrest. Petitioner contends he was sentenced to life imprisonment under provisions of the indeterminate sentence law, section 789.13, Code, 1950. However, this section had been amended by the legislature in 1951. Pertinent portions of the trial court's judgment in the criminal cause reveal the basis of appellant's contention. It provided:

"Upon the plea of defendant, it is adjudged that he is guilty of the crime of entering the premises of a bank with intent to hold up and rob said bank, contrary to and in violation of Section 708.9 of the 1954 Code of Iowa, and it is adjudged that the defendant be committed to and imprisoned in the Penitentiary at Fort Madison, Iowa, at hard labor for life."

If the court had stopped there, perhaps this question would never have arisen. But it continued:

"This judgment is made pursuant to the provisions of Section 708.9 of the Code of Iowa, as interpreted by the Supreme Court of Iowa, in the case of Cave, Keener v. Haynes, 221 Iowa 1207, and State v. Mikesh, 227 Iowa 641."

These cases were, of course, decided before the legislature amended section 789.13 in 1951 and were not applicable. This section had been amended by adding to the exception therein provided, "or any crime the maximum penalty for which is life imprisonment." See chapter 226, Acts of the Fifty-fourth General Assembly.

As amended and effective at the time of the defendant's conviction, it provided as follows:

"When any person over sixteen years of age is convicted of a felony, *except* treason or murder *or any crime the maximum penalty for which is life imprisonment,* the court imposing the sentence * * * shall not fix the limit or duration of the same, but the term of such imprisonment shall not exceed the maximum term provided by law * * *." (Emphasis supplied.)

Clearly, then, the punishment for the crime charged was

not within the indeterminate sentence law when this offense was committed or the sentence rendered.

Section 708.9 provides, as punishment for conviction of the crime of entering a bank with intent to rob, that a person "shall * * * be imprisoned in the penitentiary at hard labor for life, or for any term not less than ten years."

■ The defendant was charged with the violation of this section. Discretion as to the punishment upon conviction is in the court. We assume it acted within that discretion.

It is true there is a strong inference that the trial court, in sentencing the defendant, believed it was sentencing him under the indeterminate sentence law. However, there is no uncertainty that the court ordered defendant committed to and imprisoned "for life" in the penitentiary at Fort Madison, Iowa. Neither is it open to question that such was the power and authority of the court under provisions of section 708.9. What the court thought it was doing was of no import here, especially after the time for an appeal or a motion to correct the judgment had expired.

■ III. Habeas corpus lies where the judgment and sentence is fatally defective upon the face of the record. But such is not the case before us. This judgment is definite and certain as to the term.

■ The sentence was not excessive under the law, but, if it had been so, defendant could not gain his release prior to serving the proper term. It is the general rule in most jurisdictions that "in the case of a sentence which is merely excessive it seems to be well settled, with the exception of a few early cases, that, if the court had jurisdiction of the person and subject matter of the offense, such sentence is not void ab initio because of the excess, but that it is good so far as the power of the court extends, and is invalid only as to the excess, and therefore a person in custody under such sentence cannot be discharged on habeas corpus until he has suffered or performed so much of it as it was within the power of the court to impose." See annotation, 76 A. L. R. 476; Smith v. Hollowell, 209 Iowa 781, 229 N.W. 191; Elsner v. Shrigley, 80 Iowa 30, 45 N.W. 393.

In Smith v. Hollowell, supra, we held that prior to the expiration of that part of the sentence that the court could

legally impose, the prisoner will not be discharged on habeas corpus on the ground that the sentence is excessive. When the penalty is of the type provided by the law but only too extensive, the judgment is not considered void. On the contrary, it is valid to the extent of time provided by law.

 We are satisfied that the court here was acting in a lawful manner and that it was acting within the power and authority provided by the legislature. Furthermore, the judgment did not exceed the limit provided by law. Here there was no contention that the court did not have jurisdiction of the person and the subject matter. The law seems well settled, especially in this state, that when the court has jurisdiction of the person and the subject matter and the punishment is of the character prescribed by law, habeas corpus will not lie for the release of a prisoner because of mere errors, irregularities and defects in the sentence which do not render it void. Also see cases cited in 76 A. L. R. 469. The legislature clearly gave the court discretion to sentence either for life or for a term of years not less than ten, for violation of section 708.9, Code of 1954, and excluded it from the indeterminate sentence law in section 789.13, in 1951. The trial court, therefore, acted within its power and authority in sentencing defendant to a life term.

While we, as well as the applicant, might feel that the sentence imposed upon defendant, though lawful, was extreme, it cannot at this time be altered by the courts. Unfortunately, proper steps to appeal were not timely taken, nor was a timely motion made upon which the trial court itself could grant relief. The judgment must, therefore, stand.

Relief for appellant now is dependent upon action by the Governor and the parole board. If the trial judge did not intend to sentence the defendant to life imprisonment, he may approve such action.

However, as indicated, we are compelled to hold here that the record does not disclose the judgment was such as could not under any circumstance or statements of fact have been pronounced, and therefore the applicant is not entitled to a discharge under a writ of habeas corpus. Cummings v. Lainson, 239 Iowa 1193, 33 N.W.2d 395; State v. Erickson, 225 Iowa

342

1261, 282 N.W. 728; Annotation, 76 A. L. R. 468 to 514. The action of the trial court must, therefore, be affirmed.—Affirmed.

All JUSTICES concur.