CHARLES ALBERTS, appellant, v. PERCY A. LAINSON, warden, Iowa State Penitentiary, appellee.

No. 49637.

(Reported in 94 N.W.2d 94)

JANUARY 13, 1959.

REHEARING DENIED APRIL 8, 1959.

Charles Alberts, pro se.

Norman A. Erbe, Attorney General, and Hugh V. Faulkner, Assistant Attorney General, for appellee.

THORNTON, J.—This is the third petition for a writ of habeas corpus based upon an alleged denial of due process and an alleged void judgment and sentence filed by this petitioner, Charles Alberts. The first two were not appealed to this court.

The petitioner was convicted by a jury of burglary with aggravation in the District Court of Polk County in December 1949. That conviction was appealed by the petitioner's court appointed counsel to this court and affirmed, as reported in State v. Alberts, 241 Iowa 1000, 43 N.W.2d 703.

The first petition, filed in November 1955 for a writ, alleged that the petitioner was illegally restrained and the sentence and judgment were void because the petitioner did not have a fair trial and was not accorded due process in that he was denied a preliminary hearing, his motion to segregate witnesses was not properly enforced, that the jury was improperly instructed on aggravation, the State concealed evidence, misconduct of the county attorney, and perjured testimony. This petition properly contained the statutory allegation of section 663.1, paragraph 4, "That the legality of the imprisonment has not already been adjudged upon a prior proceeding of the same character, to the best knowledge and belief of the applicant." This allegation meant something and is required. The writ issued on the first application and, after a full hearing, the petitioner was remanded to the custody of the warden.

The second petition was filed in December 1957, and alleged the petitioner was not accorded due process in that the whole record showed a total lack of evidence to support the conviction with aggravation, misconduct of the county attorney, and that petitioner was denied full and fair appellate review

through the negligence of his court appointed counsel to adequately and competently present his appeal, and failure to petition for a rehearing although such counsel had agreed to do so. This petition did not contain the statutory allegation required by section 663.1, paragraph 4. This allegation should have been included and an allegation showing that this petition was not of the same character and that there was a change of status that at this time entitled the petitioner to a writ. The trial court refused to issue the writ. This was a final appealable order.

The third petition now before us contains allegations that the petitioner was denied due process because the trial court and prosecutor erroneously interpreted the law as to the evidence necessary to support the conviction of burglary with aggravation, and the same identical allegation that the court appointed defense counsel failed to adequately and competently prosecute the appeal and his failure to petition for a rehearing as was contained in his second petition. Again the petition failed to include the allegation required by section 663.1, paragraph 4.

The able trial court properly denied the writ for the reason the same issues had been raised in the previous petitions and the petition showed on its face that the petitioner was not entitled to any relief.

 This court, speaking through Justice Larson, said in Streit v. Lainson, 250 Iowa 336, 338, 93 N.W.2d 767, 768:

"A second application for a writ of habeas corpus alleging substantially the same facts as were set forth in a previous petition, which was heard and denied, is properly refused. Rathbun v. Baumel, 196 Iowa 1233, 191 N.W. 297, 30 A. L. R. 216. We said therein at page 1246 that section 4417, paragraph 4 (now section 663.1, paragraph 4) providing ' "that the legality of the imprisonment has not already been adjudged upon a prior proceeding of the same character, to the best knowledge and belief of the applicant" ' is not meaningless. We said: 'If the legality of the imprisonment has "already been adjudged upon a prior proceeding of the same character," it is conclusive of the proceeding. A party cannot fail to take an appeal from an adverse decision in a habeas corpus case, as expressly provided

by our statute, and, with a petition falsely reciting that the legality of his imprisonment has not been adjudged by a prior proceeding of the same character, become a mendicant, wandering from court to court and judge to judge, over the state, until, perchance, he may obtain a favorable decision. An order or judgment in a habeas corpus case, under our statute, is *res adjudicata* when the identical question, with *no* change of status, is again presented to the same or another tribunal.'

"As no change of status was alleged or disclosed, the former decision is determinative of all issues raised herein. With one possible exception, all these issues were considered and passed upon in applicant's previous habeas corpus action either in the district court or in this court. The court below, therefore, properly refused the writ as provided under the provisions of section 663.6, Code, 1954."

See also Smith v. Hollowell, 216 Iowa 1219, 250 N.W. 646; Davis v. Hollowell, 216 Iowa 1178, 250 N.W. 647, certiorari denied, 290 U. S. 703, 54 S. Ct. 375, 78 L. Ed. 604.

█ "Prior proceeding of the same character" as used in section 663.1, paragraph 4, includes all the grounds for attacking the legality of the imprisonment that existed at the time the petition is filed. The petitioner here has alleged at least seven different grounds, variously, in his three petitions. All of these grounds existed in 1950 after his failure to petition for a rehearing. There is no showing of a change of status. Any other holding would allow this petitioner to file seven petitions and have seven appeals based on facts that, if they exist at all, were in existence at the time of the first petition. Litigation must end sometime.

█ Paragraph 4 of section 663.1 precludes the petitioner from splitting his cause of action and presenting his claims piecemeal. It also precludes him from relitigating the same issues after he fails to appeal a final order in the district court. Rathbun v. Baumel, supra. The action of the trial court must, therefore, be affirmed.—Affirmed.

THOMPSON, C. J., and GARFIELD, HAYS, LARSON, PETERSON, and GARRETT, JJ., concur.