ELZO LINT, appellant, v. JOHN E. BENNETT, warden, Iowa State Penitentiary, appellee.

No. 50045.

(Reported in 104 N.W.2d 564)

AUGUST 2, 1960.

Elzo Lint, pro se.

Norman A. Erbe, Attorney General, and Marion R. Neely and Theodor W. Rehmann, Jr., Assistant Attorneys General, for appellee.

GARFIELD, J.—Plaintiff, a prisoner in the state penitentiary at Fort Madison, petitioned the district court for a writ of habeas corpus directed to the warden of the penitentiary. From an order denying the writ plaintiff has appealed.

On October 11, 1956, plaintiff was sentenced by the district court of Linn County to an indeterminate term not exceeding five years in the penitentiary upon his plea of guilty to the crime of assault with intent to commit a felony, in violation of section 694.5, Code, 1954. The judgment provided that sentence was suspended conditioned on good behavior and plaintiff was paroled to the state board of parole. On November 13, 1957, "upon motion of the State and showing made," the suspension

of sentence was revoked and plaintiff was ordered committed under the sentence. Cause of this revocation was plaintiff's conviction on or about October 31, 1957, of the crime of operating a motor vehicle while intoxicated in violation of Code section 321.281.

The suspension of sentence was evidently revoked under Code section 247.26 which provides: "A suspension of a sentence * * * may be revoked at any time, without notice, by the court or judge, and the defendant committed in obedience to such judgment."

Code section 247.28 provides that anyone who violates "any condition of his parole * * * shall be deemed guilty of a felony, and shall be punished by imprisonment in the institution from which he had been paroled, for a term of not more than five years, his sentence under such conviction to take effect upon the completion of his previous sentence." Plaintiff was not charged with or convicted of a felony under 247.28. The prosecuting attorney apparently felt revocation of the parole from the previous sentence and confinement thereunder was sufficient punishment to plaintiff for violation of his parole and the court seems to have concurred in this view.

Plaintiff contends that since he was not convicted of a felony under section 247.28 for violating his parole, it was not legally revoked nor the condition thereof violated.

Plaintiff also contends that if he is credited with good behavior during confinement and with the time when he was at liberty while on parole (from October 11, 1956, to November 13, 1957), he has served the sentence imposed against him and is entitled to his liberty. Inherent in this contention is the claim previously referred to that the condition of his parole was not violated. We say this since section 247.12 provides "The time when a prisoner is on parole or absent from the institution shall not be held to apply upon the sentence against the parolee if the parole be violated."

I. We think the parole was legally revoked and that neither of plaintiff's contentions can be sustained. Section 247.26, above quoted, provides a suspension of sentence may be revoked even without notice and the person committed in obedience to

the judgment. We have upheld the validity of this provision. Plaintiff of course does not question the power of the district court of Linn County to grant him the bench parole. Such power is expressly conferred by Code section 247.20.

In Pagano v. Bechly, 211 Iowa 1294, 1297, 1298, 232 N.W. 798, 799, it was claimed the court had no power to revoke a suspension of sentence without notice and opportunity for hearing. In denying the claim we said:

"Plaintiff is in the anomalous position of asserting and claiming certain rights by virtue of the aforesaid Section 3800 [now 247.20], but asserting that he is not bound by Section 3805 [now 247.26], which provides for a revocation of a suspended sentence *without notice*. These two sections are a part of the same chapter, and are companion sections. Whatever rights the plaintiff acquired by reason of the court's exercising the power provided by Section 3800 are necessarily limited and controlled by the provisions of Section 3805. In other words, the ultimate outcome of these sections of the statute, which necessarily become a part of the judgment entry, amounts to this: The court says to the defendant, 'I will suspend your sentence during good behavior, but reserve the power to revoke this suspension of sentence and parole at any time I may see fit, without notice to you.'

"It is the claim of the plaintiff that he has vested rights by reason of this suspension of sentence and parole, of which he cannot be deprived, under the Constitution, without notice and opportunity to be heard.* * *

" * * * It being a matter of grace and forbearance on the part of the sovereign, the defendant acquired no vested rights, and therefore, under the statutory provisions, he would not be entitled to notice and opportunity to be heard."

What is now section 247.28, providing that violation of any condition of a parole is deemed a felony, was in effect when Pagano v. Bechly was decided (section 3807, Codes, 1927 to 1939).

Section 247.26, authorizing revocation of a bench parole, is also upheld in Bennett v. Bradley, 216 Iowa 1267, 249 N.W. 651; State v. Bufford, 231 Iowa 1000, 2 N.W.2d 634; Dawson

v. Sisk, 231 Iowa 1291, 1296, 4 N.W.2d 272, 275, 141 A. L. R. 1219, 1222.

Bennett v. Bradley, supra, also cites authorities for the proposition that where a defendant does not object to the suspension of his sentence it remains unexecuted during such suspension and can be satisfied only by serving the imprisonment imposed. See also Kirkpatrick v. Hollowell, 197 Iowa 927, 196 N.W. 91, 198 N.W. 81.

Many other decisions upholding the power to revoke suspensions of sentence without notice, especially where a statute like ours authorizes such procedure, are cited in Ex parte Anderson, 191 Ore. 409, 229 P.2d 633, 230 P.2d 770, 29 A. L. R.2d 1051, 1066-70, and annotation, 1074, 1121, 1122.

Plaintiff does not allege the district court of Linn County acted arbitrarily, capriciously or without any information in revoking his parole. The basis for his case is the fact he was not charged with and convicted of a felony under section 247.28 for violation of his parole. As previously indicated, we hold this does not render the revocation of the parole illegal.

■■ The effect of plaintiff's argument is that section 247.28 impliedly repealed 247.26, in force since 1911, authorizing a suspension of sentence to be revoked at any time without notice. Repeals by implication are not favored by the courts and will not be upheld unless the intent to repeal clearly and unmistakably appears from the language used and such a holding is absolutely necessary. The general rule is that if by any fair and reasonable construction a prior and later statute can be reconciled both shall stand. Yarn v. City of Des Moines, 243 Iowa 991, 997, 54 N.W.2d 439, 442, and citations; Board of Park Commissioners v. Marshalltown, 244 Iowa 844, 850, 58 N.W.2d 394, 397; Smaha v. Simmons, 245 Iowa 163, 168, 60 N.W.2d 100, 103; 82 C. J. S., Statutes, section 288; 50 Am. Jur., Statutes, section 538.

■ A fair construction of section 247.28 is that one who violates a condition of his parole may be charged with a felony and prosecuted therefor, but this is not a necessary condition precedent to a revocation of the parole under 247.26.

■ II. The petition alleges that revocation of plaintiff's parole without his having been convicted of a felony therefor under section 247.28 was a violation of due process of law. Since this proposition is not argued it is deemed waived. Rule 344(a)(4)(Third), Rules of Civil Procedure; Ver Steegh v. Flaugh, 251 Iowa 1011, 1026, 103 N.W.2d 718, 727, and citations. However we will say the contention is without merit. Pagano v. Bechly, supra, 211 Iowa 1294, 232 N.W. 798; Ex parte Anderson, supra, 191 Ore. 409, 229 P.2d 633, 230 P.2d 770, 29 A. L. R.2d 1051, 1065-1068, and citations, and annotation 1074, 1083.

■ III. Plaintiff has neither alleged nor proven he did not in fact violate the condition of his parole. Since it was his burden to plead and prove a case which entitled him to the benefit of the writ of habeas corpus, the circumstance just stated is, under well considered authority, sufficient basis for denying him relief. Ex parte Anderson, supra, 229 P.2d at pages 648, 649, pages 1070, 1071 of 29 A. L. R.2d.

■ IV. There is another ground upon which the trial court's judgment should be upheld. Code section 663.1(4) provides the petition in habeas corpus must state "That the legality of the imprisonment has not already been adjudged upon a prior proceeding of the same character, to the best knowledge and belief of the applicant."

This petition, filed October 23, 1959, alleges plaintiff in February 1958 filed a previous petition for a writ of habeas corpus, copy of which was attached, and the writ was denied. Plaintiff apparently sought to avoid the effect of section 663.1(4) by alleging that when his first petition was filed he had not served sufficient time to be then entitled to his release from imprisonment if the revocation of his parole was illegal and he was entitled to credit for the 13 months he was at liberty under his parole. The present petition also alleges plaintiff filed a second petition in habeas corpus in September 1959, copy of which was attached, and it too was denied (in September). This second petition makes virtually the same allegations in all respects as the present one and they were adjudicated against plaintiff.

Plaintiff appealed to this court from the denial of his first petition, but the appeal was dismissed upon defendant's motion. There seems to have been no appeal from the denial of his second petition.

It is clear the legality of plaintiff's imprisonment has been adjudged in prior proceedings of the same character and this is conclusive against his present effort to relitigate the same issues. The parole was revoked before the first petition in habeas corpus was filed and plaintiff then alleged illegality of the revocation. The issue was adjudged against him. It was again adjudged against him in the second proceeding when plaintiff's status was the same as now. Rathbun v. Baumel, 196 Iowa 1233, 1246, 191 N.W. 297, 30 A. L. R. 216; Streit v. Lainson, 250 Iowa 336, 338, 93 N.W.2d 767, 768; Alberts v. Lainson, 250 Iowa 748, 94 N.W.2d 94.—Affirmed.

LARSON, C. J., and HAYS, THOMPSON, PETERSON, GARRETT, and THORNTON, JJ., concur.

OLIVER, J., not sitting.