CLYDE G. NEWLON, appellant, v. JOHN E. BENNETT, appellee.

No. 50493.

JANUARY 9, 1962.

REHEARING DENIED FEBRUARY 5, 1962.

Clyde G. Newlon, appellant, pro se.

Evan Hultman, Attorney General, and John H. Allen, Assistant Attorney General, for appellee.

THORNTON, J.—This is petitioner's fourth petition for a writ of habeas corpus and his second appeal to this court.

Petitioner recognizes his position and attacks paragraph 4 of section 663.1, Code of Iowa, 1958, as being unconstitutional. If we were to agree with petitioner, which we do not, it would avail him nothing unless he is entitled to relief because he cannot be prosecuted in Pottawattamie County, Iowa, for the crime charged.

 I. Petitioner was convicted in Pottawattamie County of larceny of a motor vehicle contrary to section 321.82, Code of Iowa, 1954. The information charged petitioner with stealing a truck in Omaha, Douglas County, Nebraska, and driving it into Council Bluffs in Pottawattamie County, Iowa. It is petitioner's contention he cannot be prosecuted here for stealing a truck in Omaha, that Iowa has no jurisdiction of such a crime.

This question has been determined adversely to his claim. Schultz v. Lainson, 234 Iowa 606, 13 N.W.2d 326, 156 A. L. R. 858.

Section 321.83, Code of Iowa, 1954, provides:

"Jurisdiction of such offense [larceny of a motor vehicle, section 321.82] may be in the county where such motor vehicle was stolen, or through or into which it was taken, carried, or transported by the person or persons who committed the theft, * * * "

As pointed out in Schultz v. Lainson, supra, what petitioner overlooks is that he was convicted not for what he did in Nebraska, but because his act in bringing the stolen truck into Pottawattamie County amounted to larceny in that county.

II. Section 663.1, Code of Iowa, 1958, provides, in part:

"The petition for the writ of habeas corpus must state: * * *

"4. That the legality of the imprisonment has not already been adjudged upon a prior proceeding of the same character, to the best knowledge and belief of the applicant."

■ We have interpreted "prior proceeding of the same character" as there used to include all the grounds for attacking the legality of the imprisonment that existed at the time the petition is filed. Lint v. Bennett, 251 Iowa 1193, 104 N.W.2d 564; Alberts v. Lainson, 250 Iowa 748, 94 N.W.2d 94; Streit v. Lainson, 250 Iowa 336, 93 N.W.2d 767; and Rathbun v. Baumel, 196 Iowa 1233, 191 N.W. 297, 30 A. L. R. 216. And the same authorities hold this is conclusive against an effort to relitigate the issues previously alleged or in existence at the time of the prior proceedings. Of course the question of territorial jurisdiction was in existence at the time of the prior petition. Such issue could have been raised in the criminal proceedings.

■ Section 663.1, paragraph 4, Code of Iowa, 1958, and our interpretation thereof, does not suspend the right to the writ of habeas corpus. The right is not denied or prohibited, but merely regulated to allow one hearing and one appeal on a petition stating proper grounds therefor on existing facts and circumstances. If there is a change of status the prior proceedings are not conclusive. No constitutional right is denied. See Salinger

558

v. Loisel, 265 U. S. 224, 44 S. Ct. 519, 68 L. Ed. 989; and Wong Doo v. United States, 265 U. S. 239, 44 S. Ct. 524, 68 L. Ed. 999.—Affirmed.

All JUSTICES concur, except BLISS, J., not sitting.