ROBERT ALLEN STREIT, appellant, v. JOHN E. BENNETT, warden, Iowa State Penitentiary, appellee.

No. 51389.

(Reported in 129 N.W.2d 753)

JULY 16, 1964.

Robert-Allen Streit, pro se.

Evan Hultman, Attorney General, and John H. Allen, Assistant Attorney General, for appellee.

MOORE, J.—Plaintiff, Robert Allen Streit, is indeed persistent. This is the third appeal from orders of the district court denying his petitions for a writ of habeas corpus. See Streit v. Lainson, 249 Iowa 916, 88 N.W.2d 638, and Streit v. Lainson, 250 Iowa 336, 93 N.W.2d 767. Appellee's brief points out he has also filed five such applications in the Federal District Court for the Southern District of Iowa and one in the Supreme Court of the United States which was denied October 14, 1963.

As disclosed by our prior opinions and plaintiff's petition here the cause for his restraint by Warden John E. Bennett at the State Penitentiary at Fort Madison is the mittimus issued February 2, 1957, by the Fayette County District Court pursuant to a judgment and sentence on his plea of guilty to the crime of entering a bank with intent to rob, in violation of section 708.9, Code, 1954.

Plaintiff's petition refers to his two prior applications and our opinions but then in an apparent attempt to avoid Code section 663.1(4) alleges his application is made on the basis of the holding in Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed.2d 799, 93 A. L. R.2d 733.

The trial court was of the opinion the petition showed on its face plaintiff was not entitled to the relief demanded, refused the writ and dismissed the petition. Plaintiff has appealed. His only assigned error is that he was entitled to a hearing and a writ under the holding of Gideon v. Wainwright, supra. We find no merit in his contention.

Gideon, when arraigned in a Florida state court on a felony charge of breaking and entering, was without funds and requested the court to appoint counsel for him, which was refused. Thereafter he acted as his own counsel in a jury trial, was convicted and later sentenced.

In the habeas corpus proceeding the Supreme Court of the United States held the state trial court's refusal to appoint counsel for Gideon violated the Sixth Amendment's guaranty of counsel, made obligatory upon the states by the Fourteenth Amendment.

In Division II of the opinion the court points out counsel must be provided for defendants unable to employ counsel

unless the right is competently and intelligently waived. That an accused may waive his constitutional right of assistance of counsel see also Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, 146 A. L. R. 357.

Plaintiff's difficulty here is that we have already adjudicated the question whether he waived appointment of counsel.

In Streit v. Lainson, 249 Iowa 916, 920, 921, 88 N.W.2d 638, 641, we said:

"The record discloses that the accused was arraigned on the charge above stated, that he waived counsel and was sentenced to life imprisonment. In the district court the petitioner contended he was under the influence of narcotics at the time of his arrest, and that because of the withdrawal from their use after arrest he was incompetent to intelligently know what he was doing; that he was under the mistaken impression that he was entering a plea of guilty to the crime of robbery with aggravation, which carried a much less severe penalty; that he was taken to the penitentiary before he was aware of the real facts, and attempted to appeal by furnishing the addressed attorney such information with a request to act.

"The trial court found petitioner had failed to substantiate any of the charges, that he was advised of his right to counsel, and that he was not under the influence of narcotics at the time of his arrest, nor was he suffering from withdrawal at the time of his arraignment."

Code section 663.1(4) provides the petition in habeas corpus must state "that the legality of the imprisonment has not already been adjudged upon a prior proceeding of the same character, to the best knowledge and belief of the applicant."

We have consistently held this section is not meaningless. If the legality of the imprisonment has already been adjudged upon a prior proceeding of the same character it is conclusive of the proceeding. Rathbun v. Baumel, 196 Iowa 1233, 191 N.W. 297, 30 A. L. R. 216; Alberts v. Lainson, 250 Iowa 748, 751, 94 N.W.2d 94, 96; Lint v. Bennett, 251 Iowa 1193, 1199, 104 N.W.2d 564, 568.

In plaintiff's second case, Streit v. Lainson, 250 Iowa 336, 338, 93 N.W.2d 767, 768, we said:

"A second application for a writ of habeas corpus alleg-

ing substantially the same facts as were set forth in a previous petition, which was heard and denied, is properly refused. * * * An order or judgment in a habeas corpus case, under our statute, is res adjudicata when the identical question, with no change of status, is again presented to the same or another tribunal."

The holding in Gideon v. Wainwright, supra, in no way creates any change of status as claimed by plaintiff.

The trial court properly denied the writ. See section 663.6, Code, 1962. The same issues had been raised in the previous petitions. The petition here showed on its face the petitioner was not entitled to any relief.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.