Roy H. Christopher, appellant, v. John E. Bennett, warden, Iowa State Penitentiary, Fort Madison, appellee.

No. 51557.

(Reported in 132 N.W.2d 754)

January 12, 1965.

Roy H. Christopher, appellant, pro se.

Evan Hultman, Attorney General, and John H. Allen, Assistant Attorney General, for appellee.

PETERSON, J.—On April 14, 1964, appellant filed a petition for a writ of habeas corpus in the District Court of Iowa in and for Lee County. On April 15, 1964, said petition was denied. On May 13, 1964, appellant appealed to this court.

On June 2, 1961, a true information was filed in the District Court of Iowa in and for Black Hawk County charging appellant with the crime of false drawing and uttering of a check in violation of section 713.3, 1958 Code of Iowa. On June 7, 1961, appellant and his attorney appeared in court, waived formal arraignment and time to plead, and entered a plea of guilty to the crime charged in the information. Appellant further stated through counsel present that he waived time for sentence, and he was then sentenced to be imprisoned in the Iowa State Penitentiary at Fort Madison for a term not to exceed seven years. No notice of appeal was filed and no motion attacking the judgment was filed after the entry thereof.

On April 6, 1962, appellant filed a petition for writ of habeas corpus in the District Court of Lee County, Iowa, alleging that he was mentally incompetent to enter a plea in his criminal case. Upon hearing, his petition was denied on April 10, 1962. The record also shows, without the exact date, that between 1962 and 1964 appellant filed a petition for habeas corpus in the United States District Court of Iowa, which was denied.

On April 14, 1964, appellant filed another petition for writ of habeas corpus in the District Court in and for Lee County. In this petition he alleged three other grounds for the writ. On April 15, 1964, his petition was again denied. He was attempting to raise matters which were available to him at the time of his first petition. Appellant's principal contention in his argument to this court is that he had no evidentiary hearing before the trial court.

Section 663.1, Code of Iowa, provides in part: "The petition for the writ of habeas corpus must state: * * * 4. That the legality of the imprisonment has not already been adjudged upon a prior proceeding of the same character, to the best knowledge and belief of the applicant."

As stated in Newlon v. Bennett, 253 Iowa 555, 557, 112 N.W.2d 884, 885: "We have interpreted 'prior proceeding

of the same character' as there used to include all the grounds for attacking the legality of the imprisonment that existed at the time the petition is filed. Lint v. Bennett, 251 Iowa 1193, 104 N.W.2d 564; Alberts v. Lainson, 250 Iowa 748, 94 N.W.2d 94; Streit v. Lainson, 250 Iowa 336, 93 N.W.2d 767; and Rathbun v. Baumel, 196 Iowa 1233, 191 N.W. 297, 30 A. L. R. 216. And the same authorities hold this is conclusive against an effort to relitigate the issues previously alleged or in existence at the time of the prior proceedings."

█ It was not necessary for the trial court to again hold court and listen to testimony concerning this man's grounds for habeas corpus when the court had heard the case at one time and was familiar with the facts claimed by appellant. We have passed on this question in the recent case of Simonton v. Huiskamp, 256 Iowa 279, 282, 127 N.W.2d 131, 133.

█ As the court stated in its decision and order denying plaintiff's petition a matter of habeas corpus cannot, and should not, be presented to the court piecemeal. Whatever grounds applicant has for presenting his claim for writ of habeas corpus to the court should be presented in one action. Streit v. Lainson, 250 Iowa 336, 93 N.W.2d 767; Alberts v. Lainson, 250 Iowa 748, 94 N.W.2d 94; Lint v. Bennett, 251 Iowa 1193, 104 N.W.2d 564; Newlon v. Bennett, supra.

In Lint v. Bennett, supra, on page 1199, we said: "It is clear the legality of plaintiff's imprisonment has been adjudged in prior proceedings of the same character and this is conclusive against his present effort to relitigate the same issues."

The decision of the trial court is affirmed.—Affirmed.

All JUSTICES concur.