CHARLES LOCKARD, by D. T. BLODGETT, Petitioner, Appellant, v. J. C. SANDERS, Warden, Appellee.

Habeas corpus: PETITION: DEMURRER. A petition in habeas corpus based on the ground that the petitioner did not plead guilty in person, which alleged that when the case came on for hearing the defendant appeared in open court in person and by attorney, withdrew his plea of not guilty and entered a plea of guilty as charged in the indictment, sufficiently showed that he made his plea of guilty himself, and was demurrable.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

SATURDAY, NOVEMBER 28, 1914.

THE trial court sustained a demurrer to plaintiff's petition for a writ of habeas corpus, and plaintiff was remanded to the custody of defendant. Plaintiff appeals.—*Affirmed.*

*E. W. McManus* and *E. C. Weber* and *J. M. C. Hamilton,* for appellee.

PRESTON, J.—This appeal is ruled by the holding in *Lockard v. Clark, Sheriff,* 147 Iowa, 900. What is there said is applicable here. The facts stated in the petition for the writ in the instant case are substantially the same as recited in the opinion in that case. The point now most urged, as we understand it, is that the record of conviction does not show that defendant in the original case, petitioner here, did not plead guilty in person. The statute (Code, section 5334) provides that the plea of guilty can only be made in open court and by the defendant himself, etc. In the former habeas corpus opinion (*Lockard v. Clark, supra*) it was said:

The record entry of the plea, even as stated by his counsel in argument here, is regular in form. It shows nothing whatever indicating any defect or want of jurisdiction of the

district court to enter the judgment of conviction and to issue warrant of commitment. If, as a matter of fact, the applicant was deceived or tricked into a plea of guilty, or if, as he seems now to claim, he did not understand that such a plea was entered, he was certainly undeceived when judgment was entered against him, and it was open to him to raise the question then and there, and, if the record did not truly reflect the facts, he could have applied for its correction. Certain it is that such correction cannot be made upon habeas corpus, nor can the verity of the record be there impeached.

The exact wording of the record was not set out in that opinion. The petition in the present case alleges, in so far as it refers to the plea:

And now on this 12th day of the term, to wit, February 11, A. D. 1913, this cause comes on for further hearing before the court. The defendant, Charles Lockard, appears in open court in person and by his attorneys, and withdraws his plea of not guilty, and pleads that he is guilty of the crime of rape, as charged in the indictment.

We think this record, as now stated by appellant, does show that he was present and that he made his plea of guilty himself personally. Perhaps we ought to say that, if appellant was induced to plead guilty by any promise that his sentence would be but twelve years, this would be a proper matter to be considered, at the proper time, by the proper authorities, on the question of his parole or pardon.

It is not likely that appellant will serve even twelve years, if the facts are as claimed by him, but this we do not, of course, determine, because it is not a matter for the court. His conduct, or that of his petitioner in presenting the case to this court in the manner in which it has been presented, and with such frequency, should not prejudice his case with the authorities having the power to parole or pardon.

The trial court rightly sustained the demurrer, and the judgment is—*Affirmed.*

All the Judges concur.