J. G. SPRINGSTEIN, Appellant, v. J. C. SANDERS, Appellee.

**HABEAS CORPUS:** Grounds for Relief—Innocence of Accused. A judgment rendered in a criminal cause, in the exercise of undoubted jurisdiction, and in accordance with all requirements of law, may not be nullified on habeas corpus, on the ground that, on the trial of the accused, the witnesses for the State committed perjury.

*Appeal from Lee District Court.*—HENRY BANK, Judge.

OCTOBER 20, 1917.

REHEARING DENIED JANUARY 17, 1918.

THE plaintiff, a prisoner in the state penitentiary at Fort Madison, Iowa, petitioned for a writ of habeas corpus, directed to the warden of that institution, to test the legality of the restraint exercised over him. The substance of the complaint will be set out more fully in the opinion. The district court denied the relief asked, and the petitioner appeals.—*Affirmed.*

*Liston McMillan,* for appellant.

*H. M. Havner,* Attorney General, and *F. C. Davidson,* Assistant Attorney General, for appellee.

WEAVER, J.—The plaintiff's petition, which bears date of January 11, 1917, discloses that, on March 21, 1913, in the district court of Dickinson County, Iowa, he was convicted of the crime of rape, committed upon one Ora Lombard, and sentenced to confinement in the penitentiary at Fort Madison; that a warrant of commitment was issued by said court to carry the sentence into effect; and, that, under and by virtue thereof, plaintiff has since been kept and restrained in the penitentiary, of which the respondent herein is warden. No complaint is made that plaintiff was not indicted and tried in the manner required by law, or that said district court did not act strictly within its jurisdiction in entering said judgment, or in issuing said warrant of commitment; but the sole ground upon which he demands his release upon habeas corpus is that, although convicted in due form of law, he is in fact innocent of the crime charged against him, and that his conviction was obtained by intimidation and perjury. That we may not err in the statement of his claim, we quote literally from the petition as follows:

"That said restraint is illegal, and wherein it is illegal is as follows: (1) Said conviction was procured by intimidation and perjury, as shown by the affidavit of Ora Lombard, the prosecuting witness, and her mother, hereto attached, marked Exhibit B and made part hereof; and plaintiff is in fact innocent of this alleged crime. That, in the trial of said cause, there was no question as to the *corpus delicti;* but there was no evidence connecting the said Springstein with the crime, except the testimony of said Ora Lombard, then aged fourteen years, and opportunity arising from the fact that he boarded in her family, and on

some few occasions were alone together. She now, however, is in her eighteenth year, and endowed with conscience, and being so, she made said affidavit, at a date more than three years after said verdict and judgment were rendered, in which she states that her testimony was false, and was given by intimidation, under a threat that she would be sent to the reform school, if she did not testify that said Springstein had carnal knowledge of her. Your petitioner further states that said testimony at the trial was false, and was given by intimidation, and the verdict and judgment were the result of said intimidation, and therefore void, or at least voidable in habeas corpus; and there is no way by due legal process that your petitioner can avail himself of this newly discovered evidence and intimidation and duress, except by the writ of habeas corpus."

These allegations are supported by an affidavit as follows:

"EXHIBIT B.

"State of Iowa, Calhoun County, ss.

"Ora Lombard and her mother, Mrs. Lillie Lombard, now residing at Rockwell City in said county, being first duly sworn state as follows:

"The said Ora Lombard states J. C. Springstein, who was sentenced about March 1st, 1913, from Dickinson County District Court of Iowa, for carnal knowledge of herself, is not guilty of said crime. She states that said Springstein never had carnal knowledge of her, and she gave her testimony at the trial against him through duress under threats and fear of being sent to the reform school if she did not testify against him.

"Mrs. Lillie Lombard states that she does not believe said Springstein is guilty of said crime and that she never observed any improper conduct by him." (Duly signed and sworn to.)

The foregoing is the entire showing on which counsel for plaintiff rests his case. In his brief, he argues that il-

legality in a conviction on a criminal charge must present itself in one of three phases: (1) Patent illegality,—that is, errors apparent in the record, which may be reviewed on appeal; (2) quasi patent illegality, not appearing on the record, but known to the accused in time for presentation in a motion for new trial; and (3) latent illegality, the facts of which were unknown to the accused in time to direct the court's attention thereto on the trial, or on motion for new trial. Illegality of the latter kind, he says, "goes to the question of the jurisdiction of the court to render any judgment whatever. For the principle of estoppel cannot apply where the facts are not known. And hence the illegality can never ripen into legality, and the judgment is consequently void *ab initio*." This seems to mean—if, indeed, it means anything—that, if a judgment of a court of general jurisdiction, duly rendered in accordance with all the forms and requirements of law, shall result in hardship or injustice to the party against whom it is rendered,—a hardship or injustice which might have been avoided, had certain hidden or unknown facts been revealed at the trial of the case,—the discovery of such evidence at any time in the near or remote future is sufficient ground for declaring the judgment void *ab initio*. We are cited to no authorities in support of this proposition, which is novel, if not startling. Counsel mentions *Lockard v. Clark*, 166 Iowa 556, and *Lockard v. Sanders*, 167 Iowa 533, as having some bearing upon it; but a careful reading of those cases discloses no similarity with the one at bar; or, if the principles there approved have any application to the facts here presented, they are to be regarded as opposed to the conclusion which counsel asks at our hands. Aside from these cases, the brief cites no authority, and counsel concedes his inability to find any on which he can rely. Failing in this, he calmly casts all responsibility upon the court, as follows:

"If this statement is fallacious, the court will see it.

As at present advised, the belief of the writer is that it is a true analysis; and he will await the court's decision with great interest, to see if it be so, wherein he missed the truth. We claim that the common law, as modified by our Constitution and statutes, is the law of the land. It is the stream 'pure and clear as crystal' pictured in the Apocalypse, as proceeding out of the throne of God, and the Golden Rule is of its essence and deep channel and current."

It may be true, and indeed is true, that, if an innocent person be convicted of crime, and, after the time for appeal or for review of his case is long passed, convincing evidence of his innocence is discovered, there ought to be some way in which he may be relieved from unjust punishment, and the stigma of his conviction removed, other than by the expedient of an executive pardon for an offense which he has never committed. In an ideal state of the law, such remedy would necessarily have a place; but nothing is better established than that, in the law as we have it, no such remedy is provided. Counsel practically concedes that habeas corpus has never been recognized as a means to that desired end; but he makes this effort experimentally, rather than otherwise, in the hope that the court may be induced to establish a new and revolutionary precedent. We can only say that we are not yet ready to make so radical a venture.

The plaintiff's case is without legal merit, and his petition was properly dismissed.—*Affirmed*.

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.