**Dennis Ray McELHANEY, Appellant,**

v.

**Calvin AUGER, Warden, Iowa State Men's Reformatory, Anamosa, Iowa, Appellee.**

No. 2–57869.

Supreme Court of Iowa.

Feb. 18, 1976.

John C. Platt, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., William D. Scherle, Asst. Atty. Gen., and Eugene J. Kopecky, County Atty., Cedar Rapids, for appellee.

Submitted to REYNOLDSON, Acting C. J., and RAWLINGS, LeGRAND, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

This is an appeal from denial of postconviction relief. We affirm.

Petitioner's action was predicated upon a claim that his 1966 rape conviction should be set aside because he was subjected to post-arrest lineup procedures which violated the Sixth and Fourteenth Amendments of the United States Constitution. His conviction was affirmed upon appeal. *State v. McElhaney*, 261 Iowa 199, 153 N.W.2d 715 (1967). No challenge of the lineup was made either at trial or in the direct appeal from conviction. When respondent filed a motion to dismiss based upon these facts, the trial court served petitioner with notice of its intention to dismiss his petition. In resisting, petitioner contended dismissal of his postconviction petition without a hearing would deny him his right to habeas corpus assured in Article I, § 13, of the Constitution of Iowa. He did not assert any excuse for having failed to challenge the lineup at trial or in his appeal. The trial court dismissed the petition, and petitioner appeals.

We have held postconviction relief is unavailable to correct alleged errors which should have been but were not asserted at trial or upon direct appeal. *Rinehart v. State*, 234 N.W.2d 649 (Iowa 1975); *Carstens v. Rans*, 210 N.W.2d 663 (Iowa 1973). Petitioner does not attack that principle nor contend it is inapplicable here. Instead, he complains only that Code § 663A.6 which permits dismissal of a postconviction petition upon such a ground without a hearing offends Article I, § 13, of the Constitution of Iowa. The sole question presented in his appeal is whether the dismissal procedure authorized in § 663A.6 infringes Article I, § 13, of the state constitution.

In relevant part, § 663A.6 provides:

"When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to postconviction relief and no

purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for dismissal. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if a material issue of fact exists."

Petitioner alleges this provision, employed in the present case, conflicts with Article I, § 13, of the state constitution, which provides:

"The writ of habeas corpus shall not be suspended, or refused when application is made as required by law, unless in case of rebellion, or invasion of the public safety may require it."

■ The common law writ of habeas corpus has been supplanted as a means of collateral attack upon conviction and sentence to the extent an equivalent substitute has been provided in Code chapter 663A. Statutory postconviction procedure is an implementation of the right of habeas corpus, not an abrogation or suspension of it. *Allen v. State,* 217 N.W.2d 528, 531 (Iowa 1974); § 663A.2, The Code.

■ The crux of petitioner's argument is his contention he would have been accorded a hearing if habeas corpus procedure had been available to him. He alleges he was given less procedurally under chapter 663A than he is assured under Article I, § 13, of the state constitution. We do not agree.

■ The constitutional guarantee of the right of habeas corpus does not require a hearing in every case in which the writ is sought. "As in any litigation, the [habeas corpus] pleadings may show either separately or taken together that there is no claim. Therefore, unless the factual allegations proven would require that a writ be granted, no evidentiary hearing is necessary or proper". *Curtis v. Bennett,* 256 Iowa 1164, 1170, 131 N.W.2d 1, 4–5 (1964), cert. denied, 380 U.S. 958, 85 S.Ct. 1096, 13 L.Ed.2d 974. See *Streit v. Bennett,* 256 Iowa 1010, 129 N.W.2d 753 (1964); *Lockard v. Sanders,* 167 Iowa 533, 149 N.W. 597 (1914); § 663A.6, The Code. A hearing in habeas corpus proceedings is unwarranted when no substantial factual issues exist. A court is justified in dismissing a habeas corpus petition without hearing when the record shows the petitioner is not entitled to relief. The procedure in § 663A.6 is simply a mechanism for dismissal when the record in a postconviction proceeding contains such a showing. Petitioner was given no less under § 663A.6 than he would have been entitled to in a habeas corpus proceeding.

The procedure provided in § 663A.6 by which the trial court gives notice of its intention to dismiss is analogous to the "show cause" procedure long employed in federal courts to test the verity and substantiality of a habeas corpus petition. *Walker v. Johnston,* 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941); *Copenhaver v. Bennett,* 355 F.2d 417, 421–422 (8 Cir. 1966).

We hold this procedure is neither a suspension nor a refusal of the writ of habeas corpus and therefore does not infringe Article I, § 13, of the Iowa Constitution.

Affirmed.