# IN THE COURT OF APPEALS OF IOWA

No. 15-0554
Filed May 11, 2016

**RICHARD JOHN SIEMER JR,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____


Appeal from the Iowa District Court for Pottawattamie County, Richard H. Davidson, Judge.


Richard Siemer appeals from the dismissal of his second application for postconviction relief. **AFFIRMED.**


Patrick A. Sondag of Sondag Law Office, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.


Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Richard Siemer appeals from the summary dismissal of his second application for postconviction relief (PCR) in which he asserts his plea counsel was ineffective. We affirm the district court's dismissal finding no merit in Siemer's claims.

In this appeal, Siemer contends his prior PCR application addressed a different conviction, which he can challenge here because prior PCR counsel was ineffective. He also contends the summary dismissal of his application was improper because there was a genuine issue of material fact and, finally, he argues he was improperly denied a handwriting expert.

Background facts were set out in our ruling on Siemer's appeal from his first PCR action:

> Siemer was facing several charges when he entered a guilty plea in July 2011. The original complaint, filed in May 2011, charged Siemer with criminal mischief in the third degree for his act of throwing an air compressor and air compressor gun at a vehicle, causing damage to its front quarter panel and rear taillight. The charge was later amended to criminal mischief in the second degree. Siemer also faced charges of sexual abuse in the third degree and assault with intent to commit sexual abuse. Because Siemer had already been convicted of a sex offense, both of the latter charges included a sexual predator sentencing enhancement pursuant to Iowa Code section 901A.2(3) (2011). Siemer pled guilty to all three charges in exchange for the State not pursuing the sentencing enhancement.
> After entering his guilty pleas, Siemer proceeded to immediate sentencing, thereby waiving his right to file a motion in arrest of judgment. He did not directly appeal any of his convictions.
> On April 9, 2013, Siemer filed a PCR application, alleging he received ineffective assistance of counsel because there was no factual basis for his guilty plea to criminal mischief. The district court dismissed the application on December 10, 2012, after a hearing.

*Siemer v. State*, No. 12-2248, 2013 WL 6405442, at \*1 (Iowa Ct. App. Dec. 5, 2013). There, we concluded: "Because the minutes of evidence show a factual basis for second-degree criminal mischief, counsel did not breach an essential duty in failing to advise Siemer to file a motion in arrest of judgment. As a result, Siemer's ineffective-assistance-of-counsel claim fails and we affirm the denial of his PCR application." *Id.* at \*2.

In his second PCR application, Siemer asserted plea counsel was ineffective in failing to challenge the factual basis for his written guilty plea to the assault-with-intent-to-commit-sexual-abuse charge noted above. He asserts he did not sign the written plea agreement and that he was not aware there was a written plea agreement until 2013.[1]

The State moved for summary dismissal or summary judgment, arguing the claim was procedurally barred by Iowa Code section 822.8.[2] The State asserted, "Siemer is attempting to improve his original plea agreement by

---

[1] He submitted an affidavit in which he avows:
> Concerning that written guilty plea document, I state as follows: I had not seen it until September 2013; I did not sign that document; I did not meet with Mr. Reedy [plea counsel] or anyone with the public defender office on July 5, 2011, which is the date that document was purportedly signed; I did meet in person with Mr. Reedy at the courthouse on July 6, 2011, but again that document was not shown to, presented to or discussed with me by him and I did not sign such document; and that I had no knowledge of any such document being filed with the clerk of court on July 7, 2011, until September 2013.

[2] Section 822.8 provides:
> All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

attacking the conviction in successive, piecemeal fashion, which is prohibited under Iowa law." The State also submitted deposition testimony from Siemer's prior PCR case where Siemer stated: "The plea that I signed was the plea for third-degree sex abuse and assault with intent to commit were the plea that I signed. There is nothing stating that I remember or recollect that I signed anything on a criminal mischief." He also stated, "I understood that I was—again was signing a plea on the two sex charges."[3]

In response, Siemer contended that if the claim was barred, prior PCR counsel's performance was constitutionally defective. He presented deposition testimony from Siemer's first PCR counsel, who stated the prior PCR proceeding challenged only the plea to criminal mischief, and he was of the opinion that Siemer had three separate cases and did not require that all his claims be raised in one PCR proceeding.

After hearing arguments, the district court determined "at no time during his prior postconviction proceeding did Mr. Siemer claim any errors relating to either of the sex abuse charges." The court concluded Siemer could not attack the "global plea agreement" in piecemeal PCR actions, and Siemer had not asserted sufficient reason for not raising the current issues in the original PCR proceeding. The court then concluded, even if the application was not barred by section 822.8, "the matter is ripe for summary disposition in any event."

---

[3] We note, too, that the trial court stated: "Now, before I can begin to accept your plea, I know I've got written pleas on the sex abuse in the third degree and also assault with intent to commit sex abuse, but I want to go over those rights with you on the record, okay?" Siemer did not claim then to be unaware there were written pleas.

We review the denial of PCR for errors at law. *Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010). But where, as here, an applicant alleges his constitutional rights were denied, our review is de novo. *Id.*

In order to succeed on his claim, Siemer must establish by a preponderance of the evidence that his prior PCR counsel failed to perform an essential duty and prejudice resulted. *See State v. Null*, 836 N.W.2d 41, 48 (Iowa 2013).

We agree with the district court that Siemer's ineffectiveness claim does not provide sufficient reason for having failed to raise his claims in the earlier PCR proceeding. All grounds for relief "must be raised in the applicant's original, supplemental or amended application." Iowa Code § 822.8. PCR actions are not an appeal from the underlying judgment but rather are civil in nature and supplant the common law of writ of habeas corpus. *See id.* § 822.2(2); *McElhaney v. Auger*, 238 N.W.2d 797, 799 (Iowa 1976). Because a PCR action is collateral to the judgment and thus to the criminal case or cases such as here, Iowa Code chapter 822 contemplates only one postconviction-relief action unless there is sufficient reason for failing to assert it in the original action. Iowa Code § 822.8; *see People v. Anderson*, 872 N.E.2d 581, 592 (Ill. App. Ct. 2007) (stating "all issues actually decided on direct appeal or in the original postconviction petition are barred by the doctrine of *res judicata,* and all issues that could have been raised in the original proceeding, or original postconviction petition, but were not, are waived").

Even if we presume his first PCR counsel erred in not addressing all claims in one PCR action, Siemer's bare assertion he may be able to prove that

prejudice resulted is insufficient. He does not assert he would not have pled guilty and would have insisted on going to trial. *See State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006).

The district court took judicial notice of the underlying court files in all the cases and admitted the prior written pleas, the plea and sentencing transcript, sentencing order, depositions of Siemer and defense counsel, as well as the order denying his prior application for postconviction relief. Siemer requested a writing analyst be employed to examine the signature on his written plea. But he has already admitted—under oath—to signing pleas consistent with the global plea agreement.

We agree with and adopt the following language from the district court's ruling:

> The record as a whole indicates the defendant made a knowing and intelligent choice to waive his constitutional rights and enter the global plea agreement. Mr. Siemer cannot carry his burden by claiming the signature on the written plea of guilty is not his when the record established that he pled guilty and has at least on two occasions acknowledged his plea on the record and in writing. Not only did the written plea of guilty refer to the minutes of testimony as a factual basis, but the prosecutor at the sentencing hearing referenced the minutes of testimony as serving as the factual basis for assault with intent to commit sexual abuse.
>
> Further, "[t]he standard for sufficient factual basis is only 'that the facts support the crime, not necessarily that the defendant is guilty.'" *State v. Rodriguez*, 804 N.W.2d 844, 849 (Iowa 2011) [(citation omitted)]. The minutes of testimony in AGCR138989 state that Siemer held (the victim of that case) against a wall while attempting to kiss her against her will; and that he pushed her on a bed, held her arms, put his hand over her mouth to muffle her screams of "no" while attempting to kiss her on the mouth and stomach. Once free from Mr. Siemer, the victim immediately called 911.
>
> . . . .
>
> Mr. Siemer's most recent application for postconviction relief is yet another attempt to improve his plea deal after the fact. As

discussed above, all of his grounds for relief were required to be raised in his initial postconviction application. Without a showing of sufficient reason for not filing them in the original application, they are barred. Brian Munnelly, Mr. Siemer's attorney in the first postconviction relief proceeding was competent in his representation of the applicant, and Mr. Siemer has failed to establish a claim of ineffective assistance of counsel with respect to Mr. Munnelly's representation in the first postconviction proceeding. . . . Based on the entire record before this court in the underlying criminal proceedings as well as the prior postconviction relief proceeding, the court concludes Siemer's plea was voluntary in a constitutional sense and the minutes of testimony as referenced on the record show a factual basis for the assault with intent to commit sexual abuse charge in AGCR138989. Further, trial counsel did not breach an essential duty in failing to advise Mr. Siemer to file a motion in arrest of judgment or file a direct appeal.

No genuine issue of material fact exists, and Siemer's application was properly dismissed. We affirm.

**AFFIRMED.**