## IN THE COURT OF APPEALS OF IOWA

No. 15-1434
Filed October 12, 2016

IN THE MATTER OF R.M.D,
Alleged to be Seriously
Mentally Impaired,

R.M.D,
Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller,
Judge.

An inmate appeals the dismissal of his "motion for declaratory relief,"
which sought a ruling on his right to counsel and right to an independent medical
examination in a habeas corpus proceeding.  **REVERSED AND REMANDED.**

Noelle R. Murray of Murray Law Office, P.L.C., Cedar Rapids, for
appellant.

Thomas J. Miller, Attorney General, and H. Loraine Wallace, Assistant
Attorney General, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

An inmate serving a lengthy prison sentence was also involuntarily committed based on a serious mental impairment. The inmate appeals the dismissal of his "motion for declaratory relief," which sought a ruling on his right to counsel and right to an independent medical examination in a habeas corpus proceeding.

## I.    *Background Facts and Proceedings*

More than twenty-five years ago, R.M.D. was sentenced to three prison terms not exceeding twenty-five years each for three counts of second-degree sexual abuse. In time, R.M.D. was found to be "seriously mentally impaired," and the district court ordered hospitalization. R.M.D. was subsequently transferred to the Iowa Medical and Classification Center run by the department of corrections. The Center contains prison units as well as mental health units. According to the department, R.M.D. was housed in prison units.

Years after R.M.D.'s initial classification as seriously mentally impaired, R.M.D. expressed a desire to appeal one of his mental health commitment orders. A mental health advocate notified the district court. The court appointed an attorney to investigate the issue and request a hearing if needed. The attorney recommended against a hearing, and the district court declined to take further action.

R.M.D. wrote to the court, vociferously objecting to the denial of a hearing. He asked to file a habeas corpus action pursuant to Iowa Code section 229.37 (2013) and requested the appointment of counsel to assist with the matter. The court scheduled "Respondent's petition for writ of habeas corpus" for hearing and

stated the previously appointed attorney "remain[ed] appointed to represent" R.M.D.

R.M.D. questioned the competency of the previously appointed counsel and sought the appointment of someone else. The district court ordered consideration of his request for a new attorney at the time of the scheduled habeas corpus hearing.

Meanwhile, R.M.D.'s attorney moved for an adjudication of law points on several issues, including whether his contract with the State Public Defender authorized the court to summarily appoint him in the habeas corpus matter. The district court concluded counsel's motion was not viable under our civil procedure rules and found his question about contractual representation was not ripe for review. The court ordered the attorney to recast the motion and file an application for another hearing.

Counsel recast his motion in the form of a "motion for declaratory relief." He asked the court to "settle the following legal issues": (1) whether R.M.D. was "constitutionally entitled to a Court Appointed Attorney for a Habeas Corpus Hearing" under Iowa Code section 229.37; (2) whether counsel should be "summarily" appointed to represent R.M.D. where the contract with the public defender was "silent on the matter of representation for Habeas Corpus petitions under 229.37 of the Code"; and (3) whether R.M.D. was entitled to an independent medical examination "for purposes of a Habeas Corpus, and if so, who is responsible for the payment of said IME?" The State filed a resistance and motion to dismiss, and R.M.D.'s attorney filed a response. The same day the response was filed, the district court entered an order finding R.M.D. to be

"seriously mentally impaired and in need of full-time custody, care and treatment as alternative placement with Iowa Prison Systems."

At a non-evidentiary hearing on R.M.D.'s motion for declaratory relief, the district court considered the arguments raised in the State's motion to dismiss. The court granted the State's motion, citing two statutory provisions, Iowa Code sections 822.1 and 229.37. "Based on these two rulings," the court further found R.M.D. had no constitutional right to court-appointed counsel and the attorney currently representing him had no contractual obligation to do so. The court declined to address whether R.M.D. was entitled to an independent medical examination at State expense.

On appeal from the dismissal of his motion for declaratory relief, R.M.D. addresses the two statutory bases for dismissal cited by the district court. R.M.D. does not challenge the court's further conclusions concerning his right to counsel. The State responds by seeking affirmance on the two cited statutory grounds as well as a third ground. The State also addresses the question of R.M.D.'s right to counsel in a habeas corpus proceeding. Based on the posture of the district court's ruling and the appellate arguments, we begin and end with the State's arguments for affirmance.

## II. State's Arguments for Affirmance of Dismissal Ruling

### A. Ripeness

The State starts with an argument that was not expressly raised or addressed in the district court. It contends R.M.D.'s motion for declaratory relief "was not ripe nor did it present a justiciable controversy." We must preliminarily decide whether we can address this issue. *See DeVoss v. State*, 648 N.W.2d

56, 63 (Iowa 2002) ("[W]e will not consider a substantive or procedural issue for the first time on appeal, even though such issue might be the *only* ground available to uphold a district court ruling.").

The State did not raise the term "ripeness" in the district court, a term that means there is "an actual, present controversy, as opposed to one that is merely hypothetical or speculative." *Taft v. Iowa Dist. Ct.*, 879 N.W.2d 634, 638 (Iowa 2016) (citation omitted). But the State did assert that R.M.D.'s motion for declaratory relief failed to raise a justiciable controversy and sought an advisory opinion. These assertions implicate the ripeness doctrine. *See id.* ("We seek to avoid issuing advisory opinions on possible future injuries, though we may find our present-controversy requirement 'satisfied by a "direct threat of personal detriment."'" (citation omitted)). Accordingly, we conclude the State effectively raised the ripeness doctrine, and we will address this claimed basis for affirmance.

The State specifically asserts R.M.D.'s attorney "sought an advisory opinion from the District Court concerning issues that *might* arise in a habeas action *that had never been filed* with the Court." We disagree. R.M.D. requested habeas corpus relief in his letter to the court. The district court treated the request as a habeas corpus petition, appointed an attorney, and scheduled the matter for an evidentiary hearing. At this juncture, appointed counsel questioned his ability to represent R.M.D. pursuant to his contract with the public defender. The court canceled the scheduled hearing, solicited a "recast" pleading from counsel, and ruled he could request another hearing. Counsel complied with the order. His recast "motion for declaratory relief" raised the pertinent and

justiciable issues of whether R.M.D. had a constitutional right to counsel in the already-scheduled-and-canceled habeas corpus hearing and whether he could obtain an independent medical examination. We conclude the issues R.M.D. raised in his motion for declaratory relief were ripe for review. The fact that the district court subsequently issued a new order finding R.M.D. to be seriously mentally impaired and subject to civil commitment underscores the justiciability of the issues the attorney raised. We decline to affirm the district court's dismissal ruling for lack of ripeness.

### B. Iowa Code section 822.1

The State next argues R.M.D. was statutorily prohibited from filing a habeas corpus action. The State relies on language in the postconviction relief statute stating "[t]he provisions of [the habeas corpus chapter] shall not apply to persons convicted of, or sentenced for, a public offense." Iowa Code § 822.1.

Section 822.1 is inapposite. As R.M.D. points out, his request for habeas corpus relief raised a challenge to the civil commitment orders, not his criminal judgment or sentences. Habeas corpus was permissible under these circumstances. *See id.* § 229.37 ("All persons confined as seriously mentally impaired shall be entitled to the benefit of the writ of habeas corpus . . . ."); *In re S.M.*, No. 12-1983, 2014 WL 69773, at *2-3 (Iowa Ct. App. Jan. 9, 2014) ("S.M.'s request for a placement hearing could be treated as a petition for a writ of habeas corpus under section 229.37."); *In re B.T.G.*, 784 N.W.2d 792, 794-95 (Iowa Ct. App. 2010) (treating application for review of commitment as a petition for writ of habeas corpus); *Hackett v. State*, 354 N.W.2d 247, 249 (Iowa Ct. App. 1984) (noting postconviction procedures "specifically apply to persons who have

been convicted of, or sentenced for, a public offense and who claim that their probation, parole or conditional release has been unlawfully revoked"). We reverse the district court's dismissal of R.M.D.'s motion for declaratory relief under section 822.1.

### C. Iowa Code section 229.37

The State also argues R.M.D. was "not a person confined as seriously mentally impaired under section 229.37." Chapter 229 addresses "hospitalization of persons with mental illness." Section 229.37 states:

> All persons confined as seriously mentally impaired shall be entitled to the benefit of the writ of habeas corpus, and the question of serious mental impairment shall be decided at the hearing. If the judge shall decide that the person is seriously mentally impaired, such decision shall be no bar to the issuing of the writ a second time, whenever it shall be alleged that such person is no longer seriously mentally impaired.

Iowa Code § 229.37.

R.M.D. fell squarely within the ambit of this provision. Although he was an inmate under the jurisdiction of the department of corrections, he was also subject to involuntary inpatient hospitalization orders based on findings of a serious mental impairment. *See S.Q. v. St. Anthony Reg'l Hosp.*, No. 10-1293, 2011 WL 3481001, at *1, 4 (Iowa Ct. App. Aug. 10, 2011) (holding "confinement" refers to "involuntary hospitaliz[ation] in an inpatient setting"). The most recent order entered after R.M.D. filed the motion for declaratory relief and before the non-evidentiary hearing, found R.M.D. "seriously mentally impaired" based on the report of the Chief Medical Officer and determined he was "in need of full-time custody, care and treatment as alternative placement within Iowa Prison Systems, currently IMCC." The report did not recommend outpatient treatment.

Instead, it recommended an "alternate placement" with the IMCC, and the explanation stated RMD "has been on a restricted status of movements because of his history of assaulting peers." Whether RMD was housed in a general population prison unit or a mental health unit, his mental health commitment resulted in a level of confinement over and above his incarceration for his criminal offenses.

We conclude R.M.D. was confined as seriously mentally impaired and was "entitled to the benefit of the writ of habeas corpus." We reverse the district court's dismissal of R.M.D.'s motion for declaratory relief under section 229.37.

### III.    Disposition

Having found the State's arguments for affirmance of the dismissal order unavailing, we reverse the order. We remand for an evidentiary hearing on R.M.D.'s original request for habeas corpus relief.

The district court's additional rulings on R.M.D.'s constitutional and contractual rights to counsel were "[b]ased on" its rulings under Iowa Code sections 822.1 and 229.37, and R.M.D. does not conditionally challenge them. Because the issue of whether R.M.D. had a constitutional or contractual right to counsel is not properly before us, we decline to address it.[1] Nothing in this opinion should be construed as precluding the parties from raising the issue on remand.

---

[1] The State argues against a constitutional or statutory right to counsel but makes the following concession: "[I]t may be that this Court does have the inherent authority or discretion to appoint counsel to represent Section 229.37 habeas applicants on a pro bono basis. *See Maghee v. State*, 639 N.W.2d 28 (Iowa 2002)."

As noted, the district court did not decide the question of whether R.M.D. had a right to an independent medical examination at State expense. Accordingly, we have no basis for reviewing the question. Again, nothing in this opinion should be construed as precluding the parties from raising the issue on remand.[2]

**REVERSED AND REMANDED**.

---

[2] R.M.D. has not discharged his criminal sentence. His habeas corpus challenge to the mental health commitment orders has no bearing on his criminal sentence or discharge date.