# IN THE COURT OF APPEALS OF IOWA

No. 18-0306
Filed December 19, 2018

**JACKIE KNIGHT,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____


 Appeal from the Iowa District Court for Webster County, Thomas J. Bice,

Judge.


 Applicant appeals from the denial of his petition for writ of mandamus and

the denial of his petition for writ of habeas corpus. **AFFIRMED.**


 Jamie Hunter of Dickey & Campbell Law Firm, PLC, Des Moines, for

appellant.

 Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney

General, for appellee State.


 Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

Jackie Knight appeals from a district court order denying his petition for writ of mandamus and petition for writ of certiorari. In his petitions, Knight claimed the department of corrections was holding him unlawfully and without cause. The district court denied the petitions on the ground Knight was lawfully imprisoned following his conviction for failure to affix a drug tax stamp. Knight timely filed this appeal.

By way of background, in 2012, Knight was convicted of:

(1) possession of cocaine with intent to deliver, in violation of Iowa Code section 124.401(1)(c)(2)(b) (2011); (2) a drug tax stamp violation under sections 453B.1, 453B.3, and 453B.12; (3) possession of marijuana with intent to deliver, in violation of section 124.401(d)(1); (4) [operating while intoxicated], in violation of section 321J.2; (5) escape, in violation of section 719.4(2); and (6) possession of cocaine base with intent to deliver, in violation of section 124.401(1)(c)(3). The drug-related charges all carried the habitual felon enhancement under sections 902.8 and 902.9.

*State v. Knight*, No. 13-0230, 2014 WL 468217, at *2 (Iowa Ct. App. Feb. 5, 2014). This court affirmed all six convictions on direct appeal.

Knight obtained some relief in a subsequent postconviction-relief proceeding. The postconviction court vacated Knight's three convictions for possession with intent to deliver and ordered new trial on those charges. The postconviction court denied all relief with respect to the remaining convictions. Of relevance here, the conviction for failure to affix a drug tax stamp was undisturbed.

The State and Knight subsequently entered into a plea agreement regarding the possession with intent to deliver charges. Pursuant to the plea agreement, Knight pleaded guilty to possession of marijuana with intent to deliver, and the State dismissed the two other possession charges. The court sentenced Knight

to an indeterminate term of incarceration not to exceed five years on the conviction for possession of marijuana. The sentencing order also provided: "**The Defendant was originally sentenced to prison on this charge on January 11, 2013, and subsequently paroled. The parties are in agreement that the Defendant has served the entirety of his sentence related to this charge and no additional period of incarceration shall be required.**" (Emphasis in original.) At the time of sentencing, Knight was on parole for the drug tax stamp offense.

In April 2017, Knight's parole was revoked for three separate parole violations. Knight filed the instant petitions, contending his imprisonment was unlawful and without cause. The court denied both petitions, concluding "the postconviction ruling did not remove Mr. Knight's conviction for Failure to Affix a Drug Tax Stamp as a Habitual Felon as noted in Webster County FECR342795 and, as such, he remains properly incarcerated on that count within the Department of Corrections." Knight now appeals that decision.

Knight first contends the district court erred in denying his petition for writ of mandamus.

> The action of mandamus is one brought to obtain an order commanding an inferior tribunal, board, corporation, or person to do or not to do an act, the performance or omission of which the law enjoins as a duty resulting from an office, trust, or station.
>      Principles governing mandamus are well established. It is a drastic remedy to be applied only in exceptional circumstances. It is not to be used to establish rights but to enforce rights that have already been established.

*Hewitt v. Ryan*, 356 N.W.2d 230, 233 (Iowa 1984) (citations omitted). "Because mandamus actions are triable in equity . . . our review is de novo." *Den Hartog v. City of Waterloo*, 847 N.W.2d 459, 461 (Iowa 2014).

Knight's mandamus action is wanting. Knight's primary argument is predicated on a gross misrepresentation of the sentencing order for his marijuana conviction. Knight notes the sentencing order provides that "the Defendant has served the entirety of his sentence" and that "no additional period of incarceration shall be required." Knight omits the restrictive prepositional phrase "for this charge" from his recitation of the sentencing order. The omitted language defeats the claim. When read in its entirety, the plain language of the sentencing order makes clear Knight had served the entirety of his sentence for the marijuana conviction. The sentencing order does not address Knight's conviction or sentence for failure to affix a drug tax stamp. That conviction is final, and Knight is lawfully imprisoned under the sentence imposed for that conviction.

Knight also contends the district court erred in denying his petition for writ of habeas corpus. "Habeas corpus proceedings are actions at law and are generally reviewable for corrections of errors at law." *State v. Hernandez-Galarza*, 864 N.W.2d 122, 126 (Iowa 2015). Chapter 663 of the Iowa Code (2017) governs habeas corpus. Chapter 663 "shall not apply to persons convicted of, or sentenced for, a public offense." Iowa Code § 822.1. "A public offense is that which is prohibited by statute and is punishable by fine or imprisonment." Iowa Code § 701.2. Failure to affix a drug tax stamp is punishable by fine or imprisonment and is therefore a public offense. *See State v. Maghee*, 573 N.W.2d 1, 4, 13 (Iowa 1997) (affirming defendant's sentence of "five years for failure to affix a drug tax stamp"); *State v. White*, 545 N.W.2d 552, 554 (Iowa 1996) ("The court sentenced [defendant] to . . . five years for each tax stamp conviction."). As a result, the court cannot grant Knight's petition for habeas relief. *See Hernandez-Galarza*, 864

N.W.2d at 128 ("[T]he legislature foreclosed habeas corpus as a postconviction remedy for persons 'convicted of, or sentenced for, a public offense.' The postconviction procedure contained in Iowa Code chapter 822 now provides the proper remedial vehicle for persons 'convicted of, or sentenced for, a public offense' to challenge their convictions." (citations omitted)); *Hackett v. State*, 354 N.W.2d 247, 249 (Iowa Ct. App. 1984) ("[T]he provisions of the chapter on habeas corpus do not apply to persons convicted of, or sentenced for, a public offense. Postconviction is the exclusive remedy in those situations.").

Setting aside the procedural bar to Knight's habeas claim, Knight's claim fails on the merits. We need not address in detail all of the arguments Knight advances—or the different permutations of the same essential argument— because they all fail for the same reasons: Knight was lawfully convicted of failure to affix a drug tax stamp; the conviction was affirmed on direct appeal; Knight is currently imprisoned pursuant to the sentence imposed for this conviction; and his imprisonment is thus lawful. In this appeal, Knight does not seek to have his conviction vacated. Instead, he requests that he be "immediately released" notwithstanding the conviction. We are not at liberty to ignore a controlling judgment and sentence or order the department of corrections to release a person imprisoned pursuant to a valid judgment and sentence.

We have considered all of the petitioner's arguments whether or not explicitly set forth herein. They are without merit. Knight has failed to establish the district court erred in denying Knight's petitions for writs of mandamus and habeas corpus.

**AFFIRMED.**